IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Thomas, #222351, )<br>) C/A No. 1:19-2176-MBS<br>Petitioner, )<br>)<br>vs. )<br>) **ORDER AND OPINION**<br>Warden of McCormick Correctional )<br>Institution, )<br>)<br>Respondent. )<br>_____) | |

Petitioner Eugene Thomas is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at McCormick Correctional Institution in McCormick, South Carolina. On August 5, 2019, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

Respondent Warden of McCormick Correctional Institution filed a motion for summary judgment on September 26, 2019. Petitioner filed a response in opposition to the motion on December 4, 2019. On January 13, 2020, the Magistrate Judge filed a Report and Recommendation in which she determined that Grounds Two, Three, Four, Six, Seven, Eight, Nine, Ten, and Eleven of the § 2254 petition were procedurally defaulted, and that Grounds One and Five were without merit. Petitioner filed objections to the Report and Recommendation on February 24, 2020, to which Respondent filed a reply on March 9, 2020. On September 25, 2020, the court issued an order granting Respondent's motion for summary judgment, denying and dismissing the § 2254 petition, and denying a certificate of appealability.

This matter now is before the court on the following motions filed by Petitioner:

1.  Motion for enlargement of time, which motion was filed on October 19, 2020.

2.  Motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), which motion was filed on December 2, 2020. Respondent filed a response on December 16, 2020, to which Petitioner filed a reply on February 10, 2021.

3.  Motion for leave to amend, which motion was filed on December 2, 2020. Respondent filed a response on December 16, 2020.

4.  Motion to be relieved from judgment pursuant to Fed. R. Civ. P. 60(b), which motion was filed on December 2, 2020. Respondent filed a response on December 16, 2020.

5.  Motion for Separate Document for Entry of Judgment, which motion was filed on February 10, 2021.

6.  Motion for leave to amend habeas corpus, which motion was filed on March 26, 2021. Respondent filed a response on April 9, 2021, to which Petitioner filed a reply on April 26, 2021.

7.  Motion for leave to supplement habeas corpus, which motion was filed on March 31, 2021. Respondent filed a response on April 12, 2021, to which Petitioner filed a reply on April 26, 2021.

The court will address Petitioner's motions in turn.

## I. DISCUSSION

A.  <u>Motion for Enlargement of Time and Motion for Reconsideration Pursuant to Rule 59(e)</u>

Petitioner first seeks a thirty-day extension of time in which to file a Rule 59(e) motion. A Rule 59(e) motion may be granted (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. <u>Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.</u>, 674 F.3d 369, 378 (4t Cir. 2012) (quoting <u>Zinkand v. Brown</u>, 478 F.3d 634, 637 (4th Cir. 2007)).

Under Rule 59(e), a motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment. In this case, Petitioner's Rule 59(e) motion was due by October 23,

2

2020, which was 28 days after entry of the court's order granting summary judgment in favor of Respondent. Pursuant to Fed. R. Civ. P. Rule 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" under certain circumstances. However, under Rule 6(b)(2), the court is precluded from extending the time to act under Rule 59(e).

As Respondent notes, Petitioner's Rule 59(e) motion was filed on December 2, 2020, over a month beyond the filing deadline. Petitioner asserts that he is entitled to equitable tolling because of the delays caused by the COVID-19 pandemic. Although the court acknowledges Petitioner's predicament, the wording of Rule 59(e) is mandatory and the court has no authority to extend the filing period. Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001). Petitioner's motion for enlargement of time to file his motion for reconsideration (ECF No. 51) is **denied**. For the same reason, Petitioner's motion for reconsideration pursuant to Rule 59(e) (ECF No. 54) is **denied as untimely.**

B.     Motion for Leave to Amend

Petitioner moves the court to amend the caption to include "Anthony Burdon" as Warden of McCormick Correctional Institution.[1] Respondent objects to Petitioner's motion on the grounds of futility and as against the interest of finality. Respondent argues that the court has ruled on Petitioner's § 2254 petition, and that the court cured any material deficiency in Petitioner's initial case caption when the Magistrate Judge ordered the name of Respondent be changed from "South Carolina Department of Corrections" to "Warden of McCormick Correctional Institution." ECF No. 5, 1. The court finds that no purpose will be served if the Warden's proper name is added to the

---

[1] The Warden of McCormick Correctional Institution is Charles (Tony) Burton. www.doc.sc.gov/institutions/mccormick.html (accessed May 21, 2021).

caption of this case. Petitioner's motion for leave to amend (ECF No. 55) is **denied**.

C.     Motion to Be Relieved from Judgment Pursuant to Rule 60(b)

On February 24, 2020, Petitioner filed a motion to stay in this court to allow him a second attempt to exhaust his state remedies by filing a successive post-conviction relief (PCR) application in state court. Successive PCR applications are disfavored under South Carolina law; nevertheless, the court granted Petitioner's motion to stay on April 2, 2020. Five months later, the state court on-line docket report for the Greenville County, South Carolina, Court of Common Pleas shows that Petitioner filed a motion to amend his PCR application on April 27, 2020. A conditional order of dismissal was filed in state court on August 24, 2020. On September 25, 2020, prior to the entry of a final order of dismissal in state court, the court lifted the stay and issued its order and opinion addressing Petitioner's objections to the Report and Recommendation and granting Respondent's motion for summary judgment.

Petitioner contends he is entitled to relief from the court's September 25, 2020 order because the court lifted the stay without giving him the chance to be heard in a meaningful way. The court disagrees. As a sister court recently explained:

> To consider a claim in the first instance, a federal court must first ensure that the petitioner exhausted that claim in the state court system. 28 U.S.C. § 2254(b)(1)(A). But a successfully exhausted claim may nevertheless be deemed "procedurally defaulted" and barred from federal review if a state court denies that claim pursuant to an independent and adequate state ground. See Harris v. Reed, 489 U.S. 255, 259 (1989). And a federal habeas court may deem a claim not presented to the highest state court exhausted and barred from review "if it is clear that the claim would be procedurally barred under state law if the petitioner [belatedly] attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000).

Secret v. Virginia, 1:19cv1386 (LO/TCB), 2020 WL 3490605, *4 (June 26, 2020).

Here, it was clear that the grounds for relief Petitioner asserted in his successive PCR

4

application would be procedurally barred under state law, as supported by the second PCR judge's conditional order of dismissal. The court concludes that it properly lifted the stay in order to rule on Petitioner's objections to the Report and Recommendation.

Turning specifically to Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Petitioner does not specify upon which reason under Rule 60(b) he relies. The court will consider Petitioner's motion pursuant to Rule 60(b)(6), "any other reasons that justifies relief."

Only truly extraordinary circumstances will permit a party successfully to invoke the "any other reason" clause of Rule 60(b). Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 (1988). The party filing the motion must have a meritorious claim or defense and the opposing party must not be unfairly prejudiced by having the judgment set aside. Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011).

First, Petitioner has not shown that he has a meritorious claim or defense. The state court conditionally dismissed Petitioner's successive application for post-conviction relief because (1) it was filed after the statute of limitations had expired, (2) it was successive to Petitioner's prior post-conviction relief actions, (3) it was barred by the doctrine of res judicata, (4) Petitioner failed to make a prima facie case of newly discovered evidence, and (5) Petitioner's claims otherwise were

5

without merit. ECF No. 56-1, 7-8. The state court notified Petitioner at the conclusion of the conditional dismissal order that the case would be dismissed with prejudice unless Petitioner provided specific reasons, factual or legal, why the application should not be dismissed in its entirety. Id. at 18. Petitioner filed a response on July 22, 2020. The state court judge filed a final order of dismissal on November 23, 2020, thus making a final determination that no meritorious claim or defense exists. Further, Respondent would be prejudiced should the court grant relief under Rule 60(b)(6) because, as the state court judge observed in the final order of dismissal, there exists the necessity for finality of litigation in criminal cases. ECF No. 59-2, 15-16 (citing Aice v. State, 409 S.E.2d 392, 394 (S.C. 1991), and Teague v. Lane, 489 U.S. 288, 309 (1989)).[2]

Petitioner also states that the court did not address his response to Respondent's motion for summary judgment. The Magistrate Judge thoroughly analyzed Petitioner's grounds for relief and his arguments in support of his positions in her Report and Recommendation filed January 13, 2020. ECF No. 27, 16-38. The court discussed Petitioner's objections to the Report and Recommendation in its September 25, 2020 order. ECF No. 48, 24-32. Petitioner has demonstrated no "extraordinary circumstances" justifying relief under Rule 60(b)(6). Petitioner's motion to be relieved from judgment (ECF No. 56) is **denied**.

D.     Motion for Separate Document for Entry of Judgment

Petitioner seeks a separate document for the entry of judgment on September 25, 2020. See Fed. R. Civ. P. 58 (providing that every judgment and amended judgment must be set out in a separate document). The civil docket shows that a separate Judgment in a Civil Action was entered

---

[2] Petitioner informs the court he has appealed the second PCR judge's final order of dismissal. In the unlikely event the appellate court finds error that necessarily changes the outcome of the within § 2254 petition, the court will consider a motion to vacate its September 25, 2020 order at that time.

on September 25, 2020 subsequent to the court's order and opinion. The Judgment recites that "[s]ummary judgment is hereby entered for the respondent, warden of McCormick Correctional Institution. The petitioner, Eugene Thomas, shall take nothing of the respondent and this action is dismissed with prejudice." ECF No. 49. Petitioner's motion for a separate document (ECF No. 65) is **denied as moot**.

E.       Motion for Leave to Amend Habeas Corpus

Petitioner moves pursuant to Fed. R. Civ. P. 15(c) to amend his § 2254 petition. Petitioner states that the court should not put him in a position of having to petition the Court of Appeals for the Fourth Circuit for permission to pursue a second § 2254 petition. Under Rule 15(c),

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(a)(2) allows a party to amend his pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, a court should deny a motion to amend when the amendment would be prejudicial to the

7

opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)(quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). A court should deny a motion to amend as futile if the amended complaint would not survive a motion to dismiss. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

Respondent argues that Petitioner's proposed amendment, which is attached to his motion, raises grounds of ineffective assistance of counsel that already have been ruled on and found to be procedurally barred. By way of comparison, Petitioner asserted the following grounds for relief in his § 2254 petition:

1. Trial counsel was ineffective for failure to call alibi witnesses at Petitioner's trial.

2. Trial counsel was ineffective for not "investigating" and "researching" whether or not [Petitioner's] 1981 conviction for murder in Florida was a qualifying conviction for LWOP.

3. Trial counsel was ineffective for failing to suppress[] gun that was ultimately entered into evidence.

4. Trial counsel was ineffective for failure to object to the prosecutor's "opening" and "closing" arguments to the jury by referring to; or relying upon evidence not admitted into evidence by Trial Court. Thus violating the Rules Governing the admission of evidence, which violated Petitioner's 6th and 14th Amendments of the U.S. Constitution.

5. Inadequate assistance of counsel at a critical stage at initial-review collateral proceeding.

6. Failed to communicate full extent and consequences of plea offer.

7. Failed to object to erroneous jury charge.

8. Failed to object to prosecutor's closing argument that insinuated bad acts.

9.       Failed to object to a constructive amendment of the indictment.

10.     <u>Brady Violation</u> Prosecutor failed to disclose[] the State's fingerprint analyst was not certified by S.L.E.D.

11.     Appellate counsel was ineffective for failing to raise reversible error which was meritorious on direct appeal.

ECF No. 1-2, 1-2.

Paragraphs 2 through 11 are repeated in the following paragraphs of Petitioner's proposed amendment:

1.     Petitioner was denied due process in violation of his 6th and 14th Amendment under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) due to Petitioner's PCR Counsel inadequate assistance of counsel at a critical stage at initial-review collateral proceeding. **[¶ 5 above]**

    a.     Petitioner assert this ground pursuant to §17-27-90 South Carolina Code which states the following: A ground for relief asserted for which sufficient reason was not asserted or was inadequately raised in the original supplemental or amended application.

2.     Appellate counsel fail to file petition for writ of certiorari of a ineffective assistance of trial counsel for ruling to the highest state court and preserved for federal review.

    A.     Trial counsel was ineffective for failure to investigate and research whether or not Applicant's 1981 conviction was a qualifying conviction for LWOP. **[¶ 2 above]**

    b.     Trial counsel was ineffective for failing to suppression of gun that was ultimately entered into evidence. **[¶ 3 above]**

    c.     Trial counsel was ineffective for failure to object to opening and closing arguments to the jury by referring to, or relying upon evidence not admitted into evidence by violating the rules governing the admission of evidence, which violated [Petitioner's] 6th and 14th Amendment of the U.S. Constitution and the South Carolina Constitution of Due Process. **[¶ 4 above]**

3.     PCR counsel at a initial collateral review failure to raise ineffective assistance of trial counsel claims of meritorious value that was listed in PCR application.

9

      a.      inadequate assistance of PCR counsel at a critical state at a initial-review collateral proceeding. **[¶ 5 above]**

      b.      Trial counsel fail to communicate full extent and consequences of plea offer. **[¶ 6 above]**

      c.      Trial counsel failed to object to erroneous jury charge. **[¶ 7 above]**

      d.      Trial counsel failed to object to Prosecutor's closing argument that had insinuated bad acts. **[¶ 8 above]**

      e.      Trial counsel failed to object to a consecutive amendment of the indictment. **[¶ 9 above]**

      f.      Trial counsel fail to object to the Brady violation of Prosecutor failure to disclosed State's fingerprint analyst was not certified by SLED-South Carolina Law Enforcement Division. **[¶ 10 above]**

      g.      Appellate Counsel on direct appeal was ineffective for failure to raise reversible error which was meritorious and objected by trail counsel. **[¶ 11 above]**

4.      Denied due process in violation of my 5th, 6th, 8th and 14th Amendment.

5.      Newly discovered evidence and fraud upon the court.

6.      The court was without jurisdiction to impose sentence, which is subject matter jurisdiction.

7.      The trial court failure to conduct an <u>Austin</u> review to prevent a miscarriage of justice.

      a.      Appellate counsel ineffective under <u>Strickland</u> standard of inadequate assistance by preventing Petitioner from seeking review of the denial of Petitioner's PCR application of substantial meritorious issues.

      b.      Ineffective assistance under the <u>Strickland</u> standard of PCR counsel, Direct Appeal counsel, and appellate counsel violations of the S.C. Supreme Court Rules that cause numerous procedural irregularities.

      c.      Ineffective assistance under <u>Strickland</u> standard of PCR counsel and appellate counsel not advising Petitioner of his appeal rights.

      d.      Petitioner was denied due process in violation of his 6th and 14th

> Amendments under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) due to Petitioner's PCR counsel at a critical stage at initial-review collateral proceeding. Petitioner assert this ground pursuant to §17-27-90 South Carolina Code which states the following: A ground for relief asserted for which sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application.

ECF No. 67-2.

As the court previously held in its September 25, 2020 order, Paragraphs 2, 3, 4, 6, 7, 8, 9, 10, and 11 above have been procedurally defaulted. Reasserting those grounds for relief in an amended § 2254 petition would be futile, because this reason for denying Petitioner's grounds for relief has not changed.

The remaining grounds for relief were raised to the second PCR judge. <u>See</u> ECF No. 59-2, 5-6. The second PCR judge determined that the allegations, except for the claim of newly discovered evidence, should be summarily dismissed as untimely under S.C. Code Ann. § 17-27-10 to -160. ECF No. 59-2, 7. The second PCR judge also determined that Petitioner's claim of newly discovered evidence lacked merit. <u>Id.</u> at 8. The second PCR judge found that Petitioner failed to show a failure of subject matter jurisdiction because Petitioner failed to present any facts or evidence that would establish the convictions he challenged in the successive PCR application are of a class over which the circuit court does not have authority to preside. <u>Id.</u> at 11. The second PCR judge also determined that the successive PCR application should be summarily dismissed pursuant to S.C. Code § 17-27-90 because Petitioner could have raised his new claims of ineffective assistance of counsel in his original PCR application.

A district court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and

adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 731 (1991). In the context of direct review of a state court judgment, the independent and adequate state ground doctrine is jurisdictional. Id. In this case, the issues raised to the second PCR judge were deemed to warrant summary dismissal because they were untimely, without merit, and/or successive. The court is required to respect the independent and adequate reasons for dismissal articulated by the second PCR judge. It follows that an amendment to the § 2254 petition that would raise grounds the court is barred from analyzing would be futile. Petitioner's motion to amend (ECF No. 67) is **denied**.

F.     Motion for Leave to Supplement Habeas Corpus

Petitioner moves pursuant to Fed. R. Civ. P. 15(d) to supplement his § 2254 petition. Petitioner requests leave to object to the first PCR judge's order of dismissal issued October 27, 2016. Rule 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time."

Petitioner contends that the first PCR judge held him to the wrong standard of proof with respect to his claim of ineffective assistance of counsel. Petitioner contends that he raised twelve issues of ineffective assistance of counsel in his initial PCR application, but that the PCR judge heard and ruled on only four of the claims. Petitioner contends his right to due process was violated by the first PCR judge's failure to making findings of fact and conclusions of law on all Petitioner's ineffective assistance of counsel arguments.

As Respondent argues, an order allowing Petitioner to supplement his § 2254 petition to raise this specific ground for relief would be an improper application of Rule 15(d).  For one thing, the claim was available to Petitioner at the time of filing of the § 2254 petition, or could have included in amendment as a matter of right shortly after filing.  Stated differently, Petitioner does not assert a new ground for relief because of "any transaction, occurrence, or event that happened" after the date the § 2254 petition was filed.  Moreover, as discussed in the previous section, Petitioner's proposed supplement is procedurally barred.  Petitioner's remedy was to timely file a motion to alter or amend the first PCR judge's order pursuant to S.C. R. Civ. P. 59(e), which could have preserved his claim for appellate review.  The court is without jurisdiction to consider a matter that has not been disposed of by the state court in the first instance.  Petitioner's motion to supplement (ECF No. 68) is **denied**.

## II.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
June 4, 2021